# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. HENDRICKSON,<br><br>                      Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                     Defendant. | CASE NO. 11cv1746-LAB (NLS)<br><br>**ORDER ON MOTIONS IN LIMINE; AND**<br><br>**ORDER RESETTING TIME AT WHICH TRIAL WILL COMMENCE**<br><br>[DOCKET NUMBERS 54, 55, 56, 57, 58] |

      The parties filed five motions in limine, and the Court held a hearing at which it delivered its rulings from the bench. This order memorializes those rulings. It should be noted that because this is case will be tried to the Court without a jury, there is less need to limit in advance what will be presented at trial, and the Court can reconsider or modify any rulings as appropriate.

      Defendant's motion to exclude the testimony of Thomas Jennings regarding training Agent Moore should have received, or any higher standard of care to which Border Patrol agents should be held, is **GRANTED**. Jennings is not precluded from testifying as to other matters, provided his testimony is relevant.

      Defendant's motion to preclude evidence of a higher standard of care to which Border Patrol agents should purportedly be held is also **GRANTED**. Under the Federal Tort Claims Act, the U.S. is liable only to the same extent that a private person would be. *See Filice v.*

*United States* 271 F.2d 782, 783 (9th Cir. 1959) (explaining that under the FTCA, the U.S. "shall be liable to the same extent, and no more, than would a private person" under like circumstances).

Defendant's motion to exclude testimony by Manual Duran regarding Agent Moore's possible violation of Border Patrol safety regulations is **DENIED**. While such a violation is not negligence *per se*, violation of an employer's safety regulation may serve as evidence of negligence. *See Hartford Acc. & Indem. Co. v. Bank of America*, 220 Cal.App.2d 545, 561 (1963); *Southern Pac. Co. v. Haight*, 126 F.2d 900, 909 (9th Cir. 1942) (citing *Gett v. Pacific Gas & Electric Co.*, 192 Cal. 621, 625 (1923)) (violation of a company's operating rule, while not negligence *per se*, can properly be considered in determining whether a defendant's employee was negligent).

The Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to exclude the testimony of Roman Beck. Plaintiff's counsel will be permitted to *voir dire* Beck to determine whether his testimony satisfies the *Daubert* standard, and Plaintiff may renew his objection at that time.

Plaintiff's motion to exclude the testimony of Rusty Rea is **DENIED** as to evidence regarding the condition of Plaintiff's tires, and the graphic illustrations Rea intends to use, and **GRANTED** as to all other issues.

On February 3, 2014, the Court ordered that trial would commence on May 13, 2014 at 10:00 a.m. As discussed at the hearing on the motions in limine, the trial will instead commence on that day at 9:00 a.m.

**IT IS SO ORDERED**.

DATED: May 8, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge